# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTIER CONTRACTING, INC., | 1: 11 CV 01590 LJO  DLB |
| Plaintiff, | SCHEDULING ORDER (Fed.R.Civ.P 16) |
| v. | Initial Disclosures: April 23, 2012 |
| | Discovery Deadline: December 14, 2012 |
| ALEN ENGINEERING CONTRACTOR, INC., et al. | Non-Dispositive Motion Deadlines:<br>    Filing: December 17, 2012<br>    Hearing: January 9, 2013 |
| Defendants. | Dispositive Motion Deadlines:<br>    Filing: January 11, 2013<br>    Hearing: March 5, 2013 |
| | Settlement Conference:<br>    May 22, 2012 at 10:00 AM<br>    Courtroom 9 |
| | Pre-Trial Conference:<br>    April 16, 2013 at 8:30 a.m.<br>    Courtroom 4 |
| | Trial:  June 4, 2013 at 8:30 a.m.<br>         Courtroom 4  JT 15 days |

**I.      Date of Scheduling Conference**

April 9, 2012.

1

|   |   |
|---|---|
| II. | **Appearances of Counsel** |

Laura M. Dunst appeared on behalf of Plaintiff.

William L. Bruckner appeared on behalf of Defendant.

|   |   |
|---|---|
| III. | **Discovery Plan and Cut-Off Date** |

The parties are ordered to exchange the initial disclosures required by Fed .R. Civ. P. 26(a)(1) on or before April 23, 2012.

The parties are ordered to complete all discovery on or before December 14, 2012.

The parties are directed to disclose all expert witnesses, in writing, on or before November 1, 2012. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

|   |   |
|---|---|
| IV. | **Pre-Trial Motion Schedule** |

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than December 17, 2012 and heard on or before January 9, 2013. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from**

**calendar.**

### Discovery Disputes

No written discovery motions shall be filed without the prior approval of the Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then seek a prompt conference with the Magistrate Judge by telephone. The Clerk will inform counsel of the time and date of the telephone conference and it shall be the responsibility of the moving party to initiate the telephone conference call to chambers. The recording of telephone hearings or conferences with the Court is prohibited, except with prior permission of the Court. The request for a conference with the Court carries with it a professional representation by the lawyer that a conference has taken place and that he or she has made a good faith effort to resolve the dispute.

The lawyers or unrepresented parties shall supply the judicial officer with the particular discovery materials (such as objectionable answers to interrogatories) that are needed to understand the dispute.

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than January 11, 2013 and heard no later than March 5, 2013, in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge. In scheduling such motions, counsel shall comply with

**Fed.R.Civ.P 56 and Local Rules 230 and 260**.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6)  to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260 the moving party shall file a joint statement of undisputed facts**.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

V.     **Pre-Trial Conference Date**

April 16, 2013 at 8:30 a.m. in Courtroom 4 before Judge O'Neill.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X5[1] format, directly to Judge O'Neill's chambers by email at LJOOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of

---

[1] If WordPerfect X5 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

### VI.  **Trial Date**

June 4, 2013 at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge.

   A.   This is a jury trial.
   B.   Counsels' Estimate of Trial Time: 15 days.
   C.   Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

### VII.  **Settlement Conference**

A Settlement Conference is scheduled for May 22, 2012 at 10:00 AM in Courtroom 9 before the Honorable Dennis L. Beck, U.S. Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Beck's chambers by e-mail to DLBOrders@caed.uscourts.gov, a

---

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

        The Confidential Settlement Conference Statement shall include the following:

        A.  A brief statement of the facts of the case.

        B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        C.  A summary of the proceedings to date.

        D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

        E.  The relief sought.

        F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**VIII.**   **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**IX.**   **Related Matters Pending**

There are no pending related matters.

**X.**   **Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow

the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XI. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **April 12, 2012**                           /s/ Dennis L. Beck
                                             UNITED STATES MAGISTRATE JUDGE

7