IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTIER CONTRACTING, INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLEN ENGINEERING CONTRACTOR, INC., et al.,<br><br>Defendants.<br>_____/ | CASE NO. CV F 11-1590 LJO DLB<br><br>**ORDER ON FRONTIER CONTRACTING, INC.'S F.R.Civ.P. 12 MOTION**<br>(Doc. 39.) |

**INTRODUCTION**

Plaintiff/counter-defendant Frontier Contracting, Inc. ("Frontier") seeks to dismiss as insufficiently pled defendant/counterclaimant Allen Engineering Contractor, Inc.'s ("Allen's") claims that Frontier committed subcontractor breaches on two separate construction projects in Sequoia National Park ("Park"). Allen responds that its counterclaim sufficiently alleges that Frontier is liable for defective work and failure to complete the scope of its subcontract work. This Court considered Frontier's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the May 11, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES with leave to amend Allen's counterclaim.[1]

---

[1] This Court need not consider Frontier's alternative F.R.Civ.P. 12(e) motion for more definite statement given dismissal of the counterclaim.

1

# BACKGROUND[2]

## Construction Projects

Allen entered into two separate contracts with the Federal Highway Administration ("FHA") to improve and rebuild in the Park the Generals Highway ("highway project") and Cedar Grove Bridge ("bridge project"). The highway and bridge projects (collectively "projects") are more than 70 miles apart at opposite Park ends. Allen subcontracted work to Frontier and, at Frontier's request, performed certain work required of Frontier.

## Allen's Claims

The counterclaim alleges (first and second) breach of contract claims that "the parties entered into a part oral and part written contract whereby Frontier was to perform a certain scope of work" for the projects. The breach of contract claims further allege that "Frontier breached the contract, inter alia, by failing and refusing to perform all obligations it was required to perform on its part, and by performing in a defective and deficient manner." The breach of contract claims seek to recover $1.8 million for the highway project and nearly $4.2 million for the bridge project.

The counterclaim alleges (third and fourth) reasonable value claims that "Allen and Frontier entered into a part oral and part written contract whereby Frontier was to perform a certain scope of work" and that "Allen furnished labor, materials, services, and equipment to assist Frontier" for which Allen is entitled to "reasonable value."

The counterclaim alleges (fifth and sixth) negligence claims that "Frontier breached it duties by negligently, carelessly, and wrongfully failing to use due and reasonable care on the project, by failing to construct the project according to industry standards, the plans and specifications, current codes, and current law" to damage Allen.

# DISCUSSION

## F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Frontier globally attacks the counterclaim's failure to satisfy F.R.Civ.P. 8 pleading standards to warrant F.R.Civ.P. 12(b)(6) dismissal.

---

[2] The factual recitation is derived generally from Allen's "Counterclaim for Damages" ("counterclaim"), the target of Frontier's challenges.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either

direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

### F.R.Civ.P. 8 Pleading Standards

F.R.Civ.P. 8 requires a party to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

With these F.R.Civ.P. 8 and 12(b)(6) standards in mind, this Court turns to Frontier's challenges to the counterclaim.

### Breach Of Contract And Negligence Elements

Frontier contends that the counterclaim fails to satisfy F.R.Civ.P. 8. Frontier chiefly focuses on the counterclaim's absence of facts to identify breach of contract elements.

"The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178, 80 Cal.Rptr.3d 6 (2008). "To form a contract, an 'offer must be sufficiently definite . . . that the performance promised is reasonably certain.'" *Alexander v. Codemasters Group Limited*, 104 Cal.App.4th 129, 141. 127 Cal.Rptr.2d 145 (2002).

5

"A written contract may be pleaded either by its terms-set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference-or by its legal effect. In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489, 49 Cal.Rptr.3d 227 (2006) (internal citations omitted).

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095, 283 Cal.Rptr. 53 (1991). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 481, 56 Cal.Rptr.2d 756 (1996). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Vasquez v. Residential Investments, Inc.,* 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

Frontier challenges the counterclaim's lack of facts as to the two contracts for the projects ("projects contracts"). Frontier points to the absence of allegations as to formation and terms of the projects contracts and how they were breached. Frontier continues that the counterclaim lacks cognizable of facts of Frontier's purported wrongdoing in that the counterclaim merely references Frontier's "purported failures and refusals without tying any (unstated) misdeeds to particular (again, unstated) facts."

Allen responds that the claims of its counterclaim are simple and that Frontier, as plaintiff, is not "wholly unaware" of the facts underlying the counterclaim. Allen argues that its counterclaim "identifies the cause of damages (failure to perform its scope of work and performing in a defective and deficient manner) as well as the fact that the damages result from a breach of contract." Allen contends that the counterclaim's general allegations provide "enough facts such that Allen's claims are plausible."

Frontier raises valid points as to the sparsity of the counterclaim's factual allegations. The counterclaim is bare bones and devoid of facts to support its claims. At most, the counterclaim recites

elements of breach of contract and negligence, and Allen's opposition papers rely chiefly on mere recital of the bare bones allegations. The counterclaim reveals only that Frontier and Allen entered into a part oral and part written agreement by which Frontier was to provide subcontract work. The counterclaim fails to define Frontier's obligations and wrongdoing and is merely a blanket assertion that Frontier is guilty of unspecified wrongdoing. The counterclaim fails to provide fair notice of Frontier's wrongdoing to warrant dismissal of its claims.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with leave to amend all of the counterclaim's claims:
2. ORDERS Allen, no later than May 22, 2012, to file and serve either: (a) a first amended counterclaim which satisfies F.R.Civ.P. 8, other federal pleading requirements, and this order; or (b) a statement that Allen elects not to pursue counterclaims against Frontier;
3. ADMONISHES Allen that failure of its first amended counterclaim to satisfy F.R.Civ.P. 8, federal pleading requirements, and this order will warrant dismissal with prejudice of Allen's claims in that this Court sees no grounds to permit Allen further attempts to amend;
4. ORDERS Frontier, no later than June 12, 2012, to file and serve a response to Allen's first amended counterclaim, if Allen elects to pursue a counterclaim against Frontier; and
5. DENIES as moot Frontier's alternative F.R.Civ.P. 12(e) motion for a more definite statement.

IT IS SO ORDERED.

**Dated:   May 7, 2012**               /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE