# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTIER CONTRACTING, INC., et al., | CASE NO. CV F 11-1590 LJO DLB |
| Plaintiffs, | **ORDER ON FRONTIER CONTRACTING'S MOTION TO DISMISS AMENDED COUNTERCLAIM** |
| vs. | (Docs. 48, 49.) |
| ALLEN ENGINEERING CONTRACTOR, INC., et al., | |
| Defendants. _____/ | |
| AND RELATED COUNTERACTION _____/ | |

## INTRODUCTION

Plaintiff/counter-defendant Frontier Contracting, Inc. ("Frontier") seeks to dismiss as insufficiently pled defendant/counterclaimant Allen Engineering Contractor, Inc.'s ("Allen's") counterclaims that Frontier committed subcontractor breaches on two separate construction projects in Sequoia National Park ("Park"). Allen responds that Frontier challenges the truth of the counterclaims' facts rather than their sufficiency and fails to identify meaningful errors with Allen's counterclaims. This Court considered Frontier's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the July 11, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES dismissal of Allen's first amended counterclaim ("FACC").

1

# BACKGROUND[1]

## Construction Projects

Allen entered into two separate contracts with the Federal Highway Administration ("FHA") to improve and rebuild in the Park the Generals Highway ("highway project") and Cedar Grove Bridge ("bridge project"). The highway and bridge projects (collectively "projects") are more than 70 miles apart at opposite Park ends. Allen subcontracted work to Frontier and, at Frontier's request, performed certain work required of Frontier. Frontier challenges Allen's FACC.

## Allen's Breach Of Contract Claims[2]

On April 14, 2010, Frontier and Allen entered into a "part oral and part written contract" ("highway agreement") by which Frontier was to perform certain work for the highway project. On August 24, 2010, Frontier and Allen entered into a "part oral part written agreement" ("bridge agreement") by which Frontier was to perform certain work for the bridge project. Highway agreement terms are evidenced in part by an April 15, 2010 Statement and Acknowledgment form with "breakdowns attached." Bridge agreement terms are evidence in part by a September 10, 2010 Statement and Acknowledgment form with attachments. Additional highway and bridge agreement documents include plans, specifications, drawings, solicitation, and FHA contract documents.

Frontier breached the highway and bridge agreements in that Frontier:

1. "[D]id not have substantial experienced structural concrete crews, other specialized skilled trade laborers and experienced supervision" and did not provide "properly sized and/or experienced supervision and crews";

2. Provided false financial statements to misrepresent Frontier's financial condition;

3. Failed to maintain its "A" contractor's license during the performance of the highway and bridge agreements;

4. Failed to maintain workers' compensation insurance and to pay Davis-Bacon fringes to result in Allen's $175,268 payment with a $156,308 unpaid balance;

---

[1] The factual recitation is derived generally from Allen's FACC, the target of Frontier's challenges, as well as other matters which this Court may consider on a F.R.Civ.P. 12(b)(6) motion.

[2] The FACC includes (first and second) breach of contract claims which are summarized below.

5. Used equipment which was neither licensed, registered, operational nor safe;
6. Lacked an adequate volumetric mixer;
7. Failed to provide a retained engineering firm with necessary documents to complete designs;
8. Charged Allen credit accounts $6,629.26 for fuel;
9. Required Allen "to continuously supplement or replace Frontier's workforce and supervision"; and
10. Underestimated substantially completion of bridge agreement items.

For the highway and bridge agreements, Allen issued Frontier a stop notice on June 29, 2011 and terminated Frontier on July 22, 2011. The FACC seeks $1.8 million damages for Frontier's breach of the highway agreement and $2 million damages for Frontier's breach of the bridge agreement.

### Reasonable Value Claims

The FACC's (third and fourth) reasonable value claims allege that "Frontier was not able to perform its scope of work" and that "[p]ursuant to Frontier's request Allen furnished labor, materials, services and equipment to assist Frontier in performing its scope of work." The claims identify work which Allen performed at Frontier's request to include retaining wall excavation and improvements, shoring, gangbox improvements, cofferdam installation, supersack installation, and re-engineering plans. The claims seek to recover the "reasonable value of the labor, materials, services, and equipment rendered to Frontier."

### Promissory Fraud Claims

The FACC's (fifth and sixth) promissory fraud claims allege that Frontier induced Allen to enter into the highway and bridge agreements by promising that Frontier:

1. "[W]ould provide substantially experienced structural concrete crews, other specialized skilled trade laborers as well as experienced supervision";
2. Had ability to finance the highway and bridge agreements and Frontier's portion of Allen's agreements with the FHA;
3. Would maintain its "A" license during the highway and bridge agreements;
4. Would maintain workers' compensation insurance and other insurance required by

3

Allen's projects agreements with FHA;

5. Would comply with employee payment requirements of Allen's projects agreements with FHA;

6. Would provide operating, insured and properly registered construction equipment to complete the projects;

7. Would retain and pay an engineering firm to provide engineering for the projects; and

8. Would perform work required for the projects at stated prices.

The promissory fraud claims allege that "Frontier did not perform its promises" in that Frontier "was financially unsound requiring Allen to provide Frontier with an up front payment of $50,000.00 just so Frontier could mobilize to the project site; Frontier provided construction equipment which was not registered, not insured, not operating, and not safe; Frontier did not provide experienced construction crews or supervision; and Frontier failed to maintain its workers compensation insurance and contractor's license." The promissory fraud claims attribute "project delays" to Frontier's false promises.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Frontier argues that the FACC is subject to global attack for failure to satisfy F.R.Civ.P. 8 pleading standards to warrant F.R.Civ.P. 12(b)(6) dismissal.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to

the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

5

to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, a court may consider exhibits submitted with the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[3] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck*

---

[3] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

*Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

### F.R.Civ.P. 8 Pleading Standards

F.R.Civ.P. 8 requires a party to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

With these F.R.Civ.P. 8 and 12(b)(6) standards in mind, this Court turns to Frontier's challenges to the FACC.

### Breach Of Contract

Although the FACC alleges reasonable value and promissory fraud claims, Frontier focuses on breach of contract. Frontier appears to contend that the entire FACC rests on breach of contract

7

allegations.

Allen characterizes Frontier's challenges as a "regurgitation" of Frontier's prior motion to dismiss Allen's original counterclaim. Allen accuses Frontier of misstating the FACC and argues that the FACC satisfies breach of contract elements.

"The standard elements of a claim for breach of contract are: '(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom.'" *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171, 1178, 80 Cal.Rptr.3d 6 (2008). "To form a contract, an 'offer must be sufficiently definite . . . that the performance promised is reasonably certain.'" *Alexander v. Codemasters Group Limited*, 104 Cal.App.4th 129, 141. 127 Cal.Rptr.2d 145 (2002).

"A written contract may be pleaded either by its terms – set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference – or by its legal effect. In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489, 49 Cal.Rptr.3d 227 (2006) (internal citations omitted).

Frontier argues that the FACC lacks allegations as to formation, terms and breach of the highway and bridge agreements. Frontier claims that the FACC does not plead "any terms of the contract and thus provides no basis to determine plausibility of Allen's breach of contract claims. Frontier continues that the FACC is "impossible to understand" with "its failure to connect any facts to a purported breach of contract. Frontier faults the FACC's failure to "tie actual misdeeds."

Frontier's points are not well taken. The FACC sufficiently identifies the part oral and part written terms to the highway and bridge agreements. The FACC identifies 10 breach issues. Given the nature of the highway and bridge agreements, discovery will be necessary to identify precise terms but the FACC satisfactorily places Frontier on notice of Allen's claims. Frontier's overbroad attacks of the FACC as a whole are unavailing.

Moreover, Frontier offers no precise challenges to the FACC's reasonable value and promissory fraud claims. As such, this Court need not evaluate such claims which Allen credits as sufficiently pled. This Court will not endeavor to challenge the reasonable value and promissory fraud claims for

Frontier's benefit. This Court agrees with Allen that Frontier challenges the truth, not sufficiency, of the FACC's allegations. In short, Frontier's overbroad criticisms of the FACC are unavailing.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES dismissal of the FACC;

2. ORDERS Frontier, no later than July 20, 2012, to file and serve an answer to the FACC.

IT IS SO ORDERED.

**Dated:   July 9, 2012**                     /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE