# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTIER CONTRACTING, INC., et al., | Case No. 1:11-cv-01590-LJO-SAB |
| Plaintiffs, | ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS ACTION WITH PREJUDICE AND FOR MONETARY SANCTIONS PURSUANT TO FRCP 37 |
| v. | |
| ALLEN ENGINEERING CONTRACTOR, INC., et al., | ECF NO. 63 |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Currently before the Court is Defendants Allen Engineering Contractor, Inc., Safeco Insurance Company of America, and Liberty Mutual Insurance Company's (collectively referred to as "Defendants") motion to dismiss this action and impose monetary sanctions against Plaintiff Frontier Contracting, Inc.'s ("Plaintiff") pursuant to Federal Rule of Civil Procedure 37. Defendants filed their motion on January 29, 2013. (ECF No. 63.) Defendants seek dismissal and monetary sanctions due to Plaintiff's failure to respond to Defendants' discovery requests.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the previously scheduled hearing on February 27, 2013 will be vacated and the parties will not be required to appear at that time.

/ / /

1  For the reasons set forth below, the Court will partially grant Defendants' motion by
2  imposing monetary sanctions and ordering responses from Plaintiff.

## I.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is represented by counsel from two separate law firms: John E. Borba and Kristen Frizzell Kerns from the offices of Borba Frizzell Kerns, PC, and Scott L. Steever and Laura M. Dunst from the offices of Lanahan Steever & Anderson, LLP. Defendants are represented by William L. Bruckner from the offices of Bruckner & Walker, LLP.

Defendants propounded discovery requests on Plaintiff on July 27, 2012 and August 21, 2012. (Allen Engineering Contractor, Inc., Safeco Insurance Company of America, and Liberty Mutual Insurance Company's Not. of Mot. and Fed. Rule Civ. Proc. Rule 37 Mot. to Dismiss Action With Prej. and for Monetary Sanctions ("Defs.' Rule 37 Mot.") 4:17-22.) Around the time the first set of discovery requests were due, Plaintiff requested a four week extension to serve their responses. (Defs.' Rule 37 Mot. 4:27-28.) Defendants refused to grant the four week extension and instead granted an extension to September 14, 2012, which amounted to a two week extension beyond the original deadline. (Defs.' Rule 37 Mot. 4:28-5:2.)

Plaintiff did not serve responses on September 14, 2012, but Defendants did not file a motion to compel and instead relied upon Plaintiff's prior representation that responses would be provided on September 25, 2012. (Defs.' Rule 37 Mot. 5:7-10.) Plaintiff did not serve responses on September 25, 2012, and Plaintiffs refused to respond to e-mails and telephone calls regarding the outstanding discovery requests. (Defs.' Rule 37 Mot. 5:11-12.)

On October 11, 2012, Defendants filed their first motion to dismiss pursuant to Federal Rule of Civil Procedure 37. (ECF No. 55.) Prior to the hearing on the first motion to dismiss, Plaintiff's counsel, Scott Loren Steever, contacted counsel for Defendants and informed Defendants that Mr. Steever had terminal cancer. (Defs.' Rule 37 Mot. 5:15-19.) Mr. Steever expressed his intention to withdraw as lead counsel and that Mr. John Borba would take over as counsel for Plaintiff. (Defs.' Rule 37 Mot. 15-19.) Mr. Steever also represented that discovery responses would be provided no later than November 20, 2012. (Defs.' Rule 37 Mot. 5:15-19.)

1   Defendants stipulated to continue the relevant dates and take the first motion to dismiss off
2   calendar.  (Defs.' Rule 37 Mot. 5:20-22; see also ECF Nos. 58-60.)

3   Plaintiff did not provide discovery responses on November 20, 2012.  (Defs.' Rule 37
4   Mot. 5:23-24.)  On December 11, 2012, Defendants sent a correspondence to Mr. Borba inquiring
5   about the discovery responses.  (Defs.' Rule 37 Mot. 5:25-27.)  Mr. Borba did not respond to
6   Defendants' letter.  (Defs.' Rule 37 Mot. 6:2.)

7   On January 8, 2013, Defendants counsel spoke with Mr. Borba on the telephone and asked
8   about the discovery responses.  (Defs.' Rule 37 Mot. 6:3-5.)  Defendants informed Mr. Borba that
9   Defendants would seek dismissal if responses were not received soon.  (Defs.' Rule 37 Mot. 6:5-
10  8.)  Mr. Borba informed Defendants that he was meeting with his client within the next day and
11  Mr. Borba would contact Defendants afterwards about the discovery responses.  (Defs.' Rule 37
12  Mot. 6:9-12.)

13  Plaintiff contends that the failure to serve discovery responses was due to Mr. Steever's
14  unexpected medical condition and Defendants' failure to meet and confer in good faith.
15  Plaintiff's opposition, filed by Mr. Borba, states that Mr. Steever was lead litigation counsel for
16  Plaintiff in this case.  (Frontier Contracting, Inc.'s Opp'n to Mot. to Dismiss Action With Prej.
17  and for Monetary Sanctions ("Pl.'s Opp'n") 2:3-13.)  Mr. Borba contends that Mr. Steever did not
18  inform his client (Plaintiff) or Mr. Borba's office about the discovery requests or the discovery
19  deadlines.  (Pl.'s Opp'n 2:3-9.)  Mr. Borba contends that Art Vollert, Plaintiff's president, was
20  aware of the discovery requests but was "told that everything was being postponed, and he
21  assumed this included discovery."  (Pl.'s Opp'n 2:14-20.)  Mr. Borba similarly contends that he
22  was unaware of what was occurring in this case and "[h]e too was told that everything was put
23  over."  (Pl.'s Opp'n 2:21-26.)  Plaintiff contends that "[i]t seems likely that Mr. Steever had every
24  intention of following through with the stipulation and insuring that the case was properly taken
25  over by John Borba or other counsel, but simply failed to do so because of his health."  (Pl.'s
26  Opp'n 3:1-4.)

27  Plaintiff also argues that Defendants failed to make a good faith effort to settle this
28  discovery dispute.  (Pl.'s Opp'n 3:9-4:23.)  Plaintiff contends that Defendants' one letter and one

phone call was not a good faith effort to resolve the discovery dispute. (Pl.'s Opp'n 3:9-4:6.)

Plaintiff also argues that Mr. Borba "has not appeared in this case until now." (Pl.'s Opp'n 6:16-17.) Although Plaintiff's pleadings included Mr. Borba and his office on the first page, Mr. Borba contends that Mr. Steever had done this without Mr. Borba's consent. (Pl.'s Opp'n 6:16-18.) When Mr. Borba saw this, he directed Mr. Steever to omit any references to Mr. Borba or his office because Mr. Borba was not admitted to practice in this Court at the time. (Pl.'s Opp'n 6:20-23.)

## II.

## LEGAL STANDARDS FOR DISCOVERY SANCTIONS

Motions to compel disclosure or discovery are governed by Federal Rule of Civil Procedure 37(a), which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1)** *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> ...
> **(3)** *Specific Motions*.
> ...
> (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> ...
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.
> ...

Rule 37(a)(5) states that, if a motion to compel is granted, the Court <u>must</u> require the party whose conduct necessitated the motion , the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed.R.Civ.Proc. 37(a)(5)(A). However, the Court will not order this payment if the moving party filed the motion before attempting in good faith to obtain disclosure or discovery without court action, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed.R.Civ.Proc. 37(a)(5)(A)(i)-(iii).

4

1    Rule 37(d) further states that the Court may order sanctions for the failure to serve
2  responses to interrogatories under Rule 33 or requests for inspection under Rule 34.
3  Fed.R.Civ.Proc. 37(d)(1)(A). The types of sanctions appropriate under Rule 37(d) include (i)
4  directing that the matters embraced in the order or other designated facts be taken as established
5  for purposes of action, as the prevailing party claims; (ii) prohibiting the disobedient party from
6  supporting or opposing designated claims or defenses, or from introducing designated matters in
7  evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the
8  order is obeyed; (v) dismissing the action or proceeding in whole or in part; or (vi) rendering a
9  default judgment against the disobedient party. Fed.R.Civ.Proc. 37(b)(2)(A)(i)-(vi) and (d)(3).
10 The Court "must also require the party failing to act, the attorney advising that party, or both to
11 pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure
12 was substantially justified or other circumstances make an award of expenses unjust."
13 Fed.R.Civ.Proc. 37(d)(3).

14   "The sanctions available to the district court are discretionary and the imposition of such
15 sanctions "as are just" will not be reversed unless there has been an abuse of discretion." Sigliano
16 v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981).

### III.

### DISCUSSION AND ANLYSIS

#### A.    Defendants Complied With The Rule 37 Meet And Confer Requirements

20   As an initial matter, Plaintiff contends that Defendants' motion is defective because
21 Defendants failed to make a good faith effort to meet and confer to resolve the discovery dispute
22 without the Court's intervention, as required under Federal Rule of Civil Procedure 37. Federal
23 Rule of Civil Procedure 37(a)(1) and (d)(1)(B) require the moving party to certify that a good
24 faith effort was made to confer with the party failing to act to obtain responses without court
25 action.

26   Although Plaintiff acknowledges that Defendants sent at least one letter and made at least
27 one phone call regarding the discovery dispute, Plaintiff argues that the letter "[made] no
28 reference to the November 20th deadline [for submitting discovery responses], and does not

mention [Defendants'] intent to file a discovery motion. It does not convey any sense of urgency." (Pl.'s Opp'n 3:12-15.) Plaintiff similarly argues that Defendants did not mention a motion to dismiss or monetary sanctions during the subsequent telephone conversation. (Pl.'s Opp'n 3:16-18.)

Plaintiff cites no authority for the proposition that an attempt to meet and confer must convey some sense of urgency and the Court is unaware of any such authority. Plaintiff does not dispute the fact that Mr. Borba failed to respond to Defendants' December 11, 2012 letter. Plaintiff also acknowledges the telephone conversation between Defendants and Mr. Borba on January 8, 2013 about the discovery responses. Moreover, Defendants made telephone calls and e-mails about the same discovery responses prior to filing their first motion on October 11, 2012.

The practice of law does not require litigants to leave behind their common sense. When a party propounds discovery and gives reasonable extensions, but responses are still not forthcoming, that in and of itself creates urgency. The attorney represents the client. If the attorney were to ask their client if the request is urgent, the client would answer in the affirmative. Counsel are expected to adopt such pragmatic approaches in the practice of law before this Court and avoid looking for words such as "urgent" or "one last time" before understanding the message.

Accordingly, the Court finds that Defendants satisfied the meet and confer requirements under Rule 37.

**B.     Defendants' Requests for Sanctions**

1.     Appropriateness of Sanctions

Plaintiff contends that sanctions are not warranted because Mr. Steever's terminal cancer excused Plaintiff's conduct. Federal Rule of Civil Procedure 37(a)(5)(A)(iii) does grant the Court the Court authority to deny monetary sanctions where "other circumstances make an award of expenses unjust."

However, in this case the Court does not find that "other circumstances make an award of expenses unjust." Although Mr. Steever's illness may have excused some delay in preparing responses to Defendants' discovery requests, approximately five months passed between the time

Plaintiff's responses to Defendants' first set of discovery requests were due and the time Defendants filed their second motion to dismiss. During the interim, Defendants reached out to Plaintiff via telephone, mail and e-mail to no avail.

While Mr. Steever's medical condition is unfortunate, the five month delay cannot be overlooked without some showing that the delay was unavoidable. However, Plaintiff's opposition fails to demonstrate that Mr. Steever was incapable of addressing the discovery dispute or that Mr. Steever was incapable of withdrawing and finding substitute counsel during this five month period. There are no affidavits or records attached to the opposition that convince the Court that an award of sanctions would be unjust.

Moreover, the Court notes that Mr. Steever is not the only attorney at his office. There is another member of Lanahan Steever & Anderson, LLP who has appeared and filed briefs in this action on behalf of Plaintiff. Plaintiff makes no effort to explain why other counsel failed to address the outstanding discovery requests.

Mr. Borba seeks to evade sanctions imposed on himself and his office by contending that he was minimally involved in representing Plaintiff. As set forth below, the Court will impose monetary sanctions jointly and severally among Plaintiff and its attorneys, so to the extent that Mr. Borba's arguments are true, the Court will leave it to Plaintiff and its attorneys to sort out their respective proportions of liability. It is sufficient for the purposes of issuing sanctions that Mr. Borba never disavowed his representation of Plaintiff. Mr. Borba had the opportunity to address the issue, but failed to timely respond to Defendants' attempts to reach out directly to Mr. Borba on at least two occasions. Accordingly, Mr. Borba's conduct contributed the failure to provide timely responses to Defendants' discovery requests. The Court finds that an order compelling responses is appropriate and will issue sanctions against all parties involved as set forth below.

2.     <u>Defendants' Request for Dismissal Sanctions</u>

Defendants seek dismissal of this action as a sanction for Plaintiff's failure to respond to Defendants' discovery requests. "Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due

to willfulness ... or bad faith." Sigliano, 642 F.2d at 310 (citing Societe International v. Rogers, 357 U.S. 197, 212 (1958). Dismissal may be imposed under Rule 37 even in the absence of a prior order to compel discovery. Id. However, "dismissal is a harsh penalty imposed only in extreme circumstances." Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). The Court must consider five factors before dismissing a case: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id. (citing Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990)). Dismissal is appropriate where at least four of the five factors support dismissal, or where at least three factors strongly support dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

Here, the five factors do not warrant dismissal of Plaintiff's claims. The first and second factors do not weigh substantially in favor of dismissal. The Court notes that under the April 13, 2012 scheduling order, discovery should have closed in this action on December 14, 2012. (ECF No. 42.) As a result of Plaintiff's action, Defendants will receive their responses to discovery at least two months past the discovery deadline. However, Defendants do not contend that any currently set deadlines will have to be modified. Neither party requested modification or extension of the dispositive motion deadline, which passed on January 11, 2013. The settlement conference, pretrial conference and trial date remain on calendar for the same dates as set in the original scheduling order. (ECF No. 42.) Accordingly, based on what Defendants submitted to the Court, Plaintiff's failure to respond to timely discovery did not cause any substantial delay in the overall litigation of this case.

The third factor weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Adriana Intern. Corp., 913 F.2d at 1412. "Failure to produce documents as ordered ... is considered sufficient prejudice." Id. However, the third factor does

not weigh strongly in favor of dismissal. Plaintiff does not identify any prejudice in their briefs.[1]

"The fourth factor, resolution of cases on their merits, always weighs against dismissal." Dreith, 548 F.3d at 788.

Finally, the fifth factor weighs against dismissal because less drastic sanctions are available in this case. Here, Defendants argued that, "[g]iven that [Plaintiff] has already waived its right to object to any of Defendant's discovery ... and sanctions are already warranted, there are no less drastic sanctions to punish [Plaintiff] and Mr. Borba for their abuse of the litigation process." (Allen Engineering Contractor, Inc., Safeco Insurance Company of America, and Liberty Mutual Insurance Company's Resp. to Frontier Contracting, Inc.'s Opp'n to Dismiss Action with Prej. and for Monetary Sanctions ("Defs.' Reply") 7:27-8:2.) This argument is unfounded. Federal Rule of Civil Procedure 37(b)(2)(A) specifically describes six types of sanctions appropriate in these circumstances. Three of these sanctions (issue sanctions, evidentiary sanctions and striking the pleadings in whole or in part) could have been requested and would have been "less drastic" than dismissal. Moreover, Rule 37(d)(3) authorizes monetary sanctions, which would have been less drastic than dismissal.[2]

In addition to the five factors addressed above, dismissal as a sanction is only warranted where the non-complying party's actions were willful or done in bad faith. Sigliano, 642 at 310. Here, there is little evidence of willfulness or bad faith. Plaintiff's attorneys certainly dropped the ball on their discovery responses, inconvenienced Defendants and should be sanctioned. However, their conduct appears to be the result of their inadequate handling of Mr. Steever's serious illness and not any deliberate plan to stymie Defendants' efforts to litigate this case.

Based on the foregoing analysis, the Court finds that dismissal is not an appropriate sanction in this case for Plaintiff's failure to respond to Defendants' discovery requests.

3. Defendants' Request for Monetary Sanctions

Defendants request $10,000.00 in monetary sanctions. Defendants incurred expenses and

---

[1] Plaintiff mistakenly interpreted the third factor as inquiring whether Plaintiff suffered prejudice.

[2] Plaintiff requested monetary sanctions pursuant to Rule 37(d)(3) yet took the position sanctions less drastic than dismissal were not available, which the Court finds to be a disingenuous argument.

9

1   attorney's fees less than $10,000.00, but request $10,000.00 "to punish and deter Mr. Borba and
2   [Plaintiff]." (Defs.' Reply 8:23-25.)

3         Defendants cite no authority granting the Court discretion to award monetary sanctions
4   above and beyond the "reasonable expenses" authorized under Rule 37(a)(5) and (d)(3). Notably,
5   such additional monetary sanctions are not expressly authorized in the list of appropriate
6   sanctions found under Rule 37(b)(2)(A)(i)-(vii). Accordingly, the Court declines to award
7   sanctions beyond reasonable expenses, particularly when the facts do not show that Plaintiff acted
8   willfully or in bad faith and there is no indication that Plaintiff's conduct caused substantial delay
9   in the litigation of this case.

10         Turning to the issue of the amount of reasonable expenses, Defendants initially provided
11   no correlation between the $10,000 figure initially requested and the expenses incurred. For the
12   first time in their reply brief, Defendants claimed that they spent 20 hours of work and charged
13   $235.00 an hour, justifying sanctions totaling $4,700.00. (Defs.' Reply 8:15-22.) Defendants did
14   not submit any billing records to support their calculations.

15         The Court notes that arguments and evidence raised for the first time in a reply brief are
16   generally deemed waived. U.S. v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006); Docusign, Inc. v.
17   Sertifi, Inc., 468 F.2d 1305, 1307 (W.D. Wash. 2006). By presenting their calculations for the
18   first time in their reply, Defendants denied Plaintiff the opportunity to challenge the
19   reasonableness of those calculations.

20         The Court finds that the expenses calculated by Defendants are unreasonably high and
21   will reduce them accordingly. The Court notes that Defendants' motion is not complex: Plaintiff
22   failed to respond to discovery, therefore there was little legal research or analysis necessary for
23   Defendants' motion. Moreover, to the extent that Defendants claim that they spent a substantial
24   amount of time conducting legal research, this assertion is belied by the fact that Defendants'
25   motion is not particularly well-researched: Defendants requested dismissal sanctions without even
26   identifying or discussing the five factors that the Court must weigh in order to impose dismissal
27
28

sanctions.[3] It would appear that Defendants did little, if any, legal research in support of their motion as the motion itself does not contain any citations to caselaw.[4] Further, although Defendants prepared two motions in response to Plaintiff's failure to provide discovery responses, the issues were identical in both motions. Finally, the Court notes that Defendants sought dismissal sanctions without presenting sufficient facts that would justify such an extreme sanction.

In light of the foregoing, the Court will impose sanctions in the amount of $2,350.00, which represents ten hours of work at Defendants' quoted rate of $235.00 an hour. The Court will impose this sanction jointly and severally between Plaintiff, Plaintiff's attorneys at the law offices of Borba Frizzell Kerns, PC, and Plaintiff's attorneys at the law offices of Lanahan Steever & Anderson, LLP. See Hyde & Drath v. Baker, 24 F.3d 1162, 1170-1172 (9th Cir. 1994) (imposing monetary sanctions jointly and severally between parties and their attorneys for discovery violations). Clearly, there is some degree of culpability amongst the three entities, as all three knew of the outstanding discovery requests and the first motion to dismiss should have prompted them to get their responses served in a prompt matter. The Court will leave it to Plaintiff and its attorneys to sort out their respective proportions of liability and payment.

### C. Defendants' Request for Order Compelling Responses Without Objections

Defendants request an order compelling Plaintiff to provide responses to Defendants' discovery requests without objections. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). "This is true even of an objection that the information sought is privileged." Davis, 650 F.2d at 1160.

In its opposition, Plaintiff indicated that responses to Defendants' discovery requests will

---

[3] Defendants discussed the five factors for the first time in their reply brief, after Plaintiff discussed them in his opposition.

[4] Defendants' reply does contain a single citation to a case: Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986). However, Thompson is cited for a legal proposition already established in Plaintiff's opposition (identifying the five factors the Court must consider before imposing dismissal sanctions).

be provided prior to the hearing on Defendants' motion.  To the extent that responses (without objections) have not yet been provided, the Court orders Plaintiff to provide such responses within seven (7) days of the date of service of this order.  Subsequent failure to comply may result in the dismissal of Plaintiff's claims.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court will partially grant Defendants' motion.  Defendants request for dismissal will be denied, but Defendants request for monetary sanctions will be partially granted, in the amount of $2,350.00.  The Court will also order Plaintiff to provide responses to Defendants' discovery requests.

Accordingly, it is HEREBY ORDERED that:

1. The hearing on this matter scheduled for February 27, 2013 is VACATED and taken off calendar.  The parties shall not appear at that time;
1. Defendants' request for dismissal sanctions is DENIED;
2. Defendants' request for monetary sanctions is PARTIALLY GRANTED.  The Court imposes monetary sanctions in the amount of $2,350.00, jointly and severally, on Plaintiff Frontier Contracting, Inc., on attorney John E. Borba and Borba Frizzell Kerns, PC, and on attorney Scott Steever and Lanahan, Steever & Anderson, LLP.
3. Plaintiff shall serve responses to Defendants' discovery requests, without objections, within **seven (7) days** of the date of service of this order.

IT IS SO ORDERED.

Dated:   **February 22, 2013**

UNITED STATES MAGISTRATE JUDGE