IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTIER CONTRACTING, INC., | CASE NO. CV F 11-1590 LJO SAB |
| Plaintiffs, | **ORDER TO DENY EXTENSION OF DATES** (Doc. 69.) |
| vs. | |
| ALLEN ENGINEERING CONTRACTOR, INC., et al., | |
| Defendants. / | |

The parties request a six-week extension of all discovery and motion dates set by the November 16, 2012 order on the parties' stipulation to extend originally-set dates. The parties point to retention of new counsel for defendants Safeco Insurance Company of America and Liberty Mutual Insurance Company and potential to "facilitate settlement." The parties mindlessly propose a dispositive motion hearing date on October 17, 2013, six days prior to the October 23, 2013 pretrial conference and after the deadline to file a pretrial conference statement.

Pursuant to F.R.Civ.P. 16(b)(3)(A), district courts must enter scheduling orders to establish deadlines for, among other things, to "complete discovery, and file motions." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(3)(B)(v). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b)(4). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15,

18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other documents are looked upon with disfavor.

The parties demonstrate neither good cause nor diligence to extend dates. Substitution of counsel for limited defendants fails to substantiate good cause to continue dates. This action has been pending for 20 months. The current schedule has been in place for nearly seven months and it extended dates originally set more than a year ago and during which the parties have known of looming deadlines. The parties fail to explain how extending dates will facilitate settlement and why they are unable to prepare the case subject to the current dates.

Moreover, this action's schedule was crafted to maximize limited judicial resources and to best

1  manage U.S. District Judge Lawrence J. O'Neill's burdensome caseload approaching 2,000 cases. Judge
2  O'Neill is unable to reset dates to suit the parties' whim.  Resetting dates as requested by the parties
3  would jeopardize Judge O'Neill's case management and would devote inordinate resources to this action
4  at the expense of other actions and litigants.  The parties proposed dispositive motion schedule compels
5  resetting no less than the pretrial conference and potentially trial to disrupt this Court's delicate case
6  management.

7      Resetting dates in this action can be accomplished only if the parties consent to the conduct of
8  all further proceedings by a U.S. Magistrate Judge.   The Magistrate Judges' availability is far more
9  realistic and accommodating to parties than that of Judge O'Neill, who must prioritize criminal and older
10 civil cases over more recently filed civil cases.  If the parties consent to Magistrate Judge jurisdiction,
11 the reassigned magistrate judge can reset dates.

12     Moreover, civil trials set before Judge O'Neill trail until he becomes available and are subject
13 to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date
14 if Judge O'Neill is unavailable on the original date set for trial.  If a trial trails, it may proceed with little
15 advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours
16 notice.  Also, this Court's Fresno Division randomly and without advance notice reassigns civil actions
17 to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate
18 Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern
19 District of California.

20     On the basis of good cause, this Court:

21     1.    DENIES the parties' requested extension of discovery and motion dates:

22     2.    ORDERS the parties to consider, and if necessary, to reconsider, consent to Magistrate
23         Judge jurisdiction; and

24     3.    ORDERS the parties' counsel, no later than May 20, 2013, to file and serve papers to
25         indicate whether each party consents to Magistrate Judge jurisdiction. Magistrate Judge
26         consent forms are available on this Court's website.

27     The parties and counsel are encouraged to contact United States Senators Diane Feinstein and
28 Barbara Boxer to address inability to accommodate the parties and this action.  For further information

regarding handling of this action, the parties may contact staff attorney Gary Green at (559) 499-5683 or email him at ggreen@caed.uscourts.gov.

    IT IS SO ORDERED.

**Dated:**   **May 13, 2013**          /s/  **Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE