UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTIER CONTRACTING INC,; UNITED STATES GOVERNMENT[1], <br><br>  Plaintiffs, <br><br>  v. <br><br> ALLEN ENGINEERING CONTRACTOR, INC.; SAFECO INSURANCE COMPANY OF AMERICA; LIBERTY MUTUAL INSURANCE, and DOES 1-50, <br><br>  Defendants. <br> _____ <br> ALLEN ENGINEERING CONTRACTOR, INC.; <br><br>  Counter –Claimant, <br><br>  v. <br><br> FRONTIER CONTRACTING, INC., <br><br>  Counter-Defendants. | **11-cv-1590 GSA** <br><br><br><br><br><br><br><br> **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> **(Doc. 99)** |

**I.     Introduction**

Pending before the Court is Defendants' Motion for Summary Judgment on the basis that Frontier Contracting Inc. ("Plaintiff" of "Frontier") was not properly incorporated in

---

[1] The Complaint filed by Frontier Contracting Inc., improperly lists the United States as a party. However, the United States has never made an appearance in this action.

1

California at the time it initiated this action.[2] (Doc. 99).  Frontier filed an opposition (Doc. 103) and Defendants filed a Reply (Doc. 104).  The Court took this matter under submission pursuant to Local Rule 230(g).  Upon a review of the pleadings, Allen's Motion for Summary Judgment is DENIED.

## II.     Relevant Background

Plaintiff's complaint alleges that on or about February 3, 2010, Frontier and Allen Engineering Contractor, Inc. ("Allen") entered into a teaming agreement to complete two U.S. Federal Highway projects in Sequoia and Kings Canyon National Parks.  Plaintiff contends that Allen was the prime contractor, and that Frontier was a first-tier subcontractor.  The two projects involved completing improvements to: (1) the General's Highway, a $14 million project (contract #DTFH68-10-C-00015), and (2) the Kings River Bridge, a $6 million project (contract # #DTFH68-10-C-00033).  Under the terms of the teaming agreement, Allen was to provide the administrative duties, while the Frontier was to perform the physical construction.  At Allen's request, Defendants Safeco and Liberty Mutual furnished the required performance/payment bonds under the Miller act. *See*, 40 U.S.C. § 3131(b).

Frontier alleges that beginning in September 2010, disputes arose between the parties resulting in only partial payments being made by Allen to Frontier.  By January 2011, Allen stopped making payments on the General's Highway project altogether, and only made nominal payments on the King's River Bridge project.  Frontier contends that efforts to receive payments were unsuccessful.

Beginning March 2011, Plaintiff alleges that following Allen's refusal to pay all monies due, Allen utilized Frontier's personnel to train Allen's workers on how to perform the construction

---

[2] Initially, Defendant and Counter-Claimant Allen Engineering Contractor Inc. filed this Motion for Summary Judgment. (Doc. 99).  Defendants, Safeco Insurance Company of America ("Safeco"), and Liberty Mutual Insurance Company ("Liberty Mutual") joined in this motion.  (Doc. 102).

2

duties that Frontier had been performing.  On June 30, 2011, after Allen's employees were trained by Frontier, Allen sent Frontier a stop notice advising Frontier workers not to return to the job site.  By August 2011, Allen allegedly owed Frontier $2,641,947.75.

Based on the above, Frontier filed its Complaint on September 20, 2011 (Doc. 2), a First Amended Complaint on October 6, 2011 (Doc. 9), and a Second Amended Complaint ("SAC") against all Defendants on November 18, 2011. (Doc. 16).  The SAC alleges causes of action for violations of the Miller Action, Quantum Meruit, and Fraud. Plaintiff seeks $2,641,947.75 in general damages; $2,000,000.00 in punitive damages; pre and post-judgment interest at the rate of 10%; attorney's fees and costs; as well as any other just relief.

On March 5, 2012, Allen filed a Counterclaim against Frontier alleging Breach of Contract, Reasonable Value of the Contracts, and Negligence. (Doc. 34).  Defendants seek compensatory, consequential and special damages in the amount of $1,800,000.00 for breach of the first contract; $4,190,910.39 for breach of the second contract; reasonable value of services rendered on both contracts; attorney's fees; costs and other just relief.

### III.  Defendants' Motion for Summary Judgment

In the Motion for Summary Judgment, Defendants argue that Frontier was not properly incorporated under California law at the time it filed this lawsuit, and consequently, is unable to maintain this action.  In particular, Defendants contend that records from the California Secretary of State reveal that "Frontier Contracting Inc." was a Nevada-based corporation whose corporate status was surrendered on April 12, 2006.  Thus, at the time Plaintiff filed its Complaint, Defendants assert that Frontier was not incorporated in California and/or had surrendered its corporate status.  Frontier's failure to establish an active corporate status divests this Court of jurisdiction because Frontier cannot establish legal capacity to sue or maintain this action.

In opposition, Frontier contends that it became incorporated in California on July 1, 1997.  On

November 23, 2011, Plaintiff filed a Certificate of Amendment to its Articles of Incorporation with the California Secretary of State, amending its corporate name from Frontier Contracting Inc. to Avcon Constructors, Inc. ("Avcon"). Plaintiff argues Avcon has been incorporated since that time. Moreover, Plaintiff has submitted a declaration from Arthur Vollert, president of Avcon/Frontier indicating that the Nevada-based Frontier corporation has no relationship to the California-based Frontier. (Doc. 103-2, pg.1-2). Frontier asserts that at no time since 1997, has Frontier been surrendered, delinquent, or become an invalid corporation; rather, Avcon is a continuation of the California corporation originally named Frontier Contracting Inc. Accordingly, Defendants' motion should be denied.

In reply, Defendants argue that the statements made by Frontier's president infers that two separate active corporations, each having the same name, were doing business in California at the same time. Defendants contend that California law prohibits a foreign corporation from sharing the same name as an existing corporation in California. Thus, Frontier's corporate status in California must have been suspended at some point, such that the Nevada-based Frontier corporation was permitted to register and do business in this state. Defendants argue that other than Frontier's unsupported statements that it has been an active corporation since 1997, Frontier has offered no evidence to show it was an active corporation at the time it filed the complaint in this case. Because Frontier's corporate status was suspended, it had no legal capacity to bring this lawsuit, nor can a new complaint be filed to amend the name from Frontier to Avcon because the statute of limitations bars the filing of an amended complaint.

**IV.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted);

*Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

    Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).  In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted ), *cert. denied*, 132 S.Ct. 1566 (2012).

///

## V. **Analysis**

As noted above, there are two bases for Defendants' motion: 1) that the Frontier named in this action is actually the Nevada-based Frontier corporation whose status was suspended in 2006; and alternatively, 2) the existence of two separate corporations demonstrates that Frontier's corporate status has been suspended because California law prohibits an out-of-state corporation from registering and using the name of an existing California corporation.

The Court has reviewed the evidence, as well as the arguments, and finds that Defendants have not met their initial burden of showing that there is no genuine dispute as to any material fact. With regard to Defendants' first argument, the evidence presented by Defendants themselves suggests that the two Frontier corporations are in fact different entities. Specifically, the Articles of Incorporation indicate that the California-based Frontier Contracting, Inc., was established on July 1, 1997, and was registered with corporate number C 2015437. (Doc. 99-4, pg. 4-5). A Certificate of Amendment filed on November 23, 2011, shows that Frontier's name was changed to Avcon Constructors, Inc.[3] (Doc. 99-4, at pg. 2). This procedural name change complies with California law which provides that the name of a corporation may be changed only by an amendment of its articles of incorporation. Cal. Corp. Code § 202(a); Cal. Corp. Code § 900 (a) (providing that a corporation may amend its articles from time to time, in any and as many respects as may be desired, as long as its articles as amended contain only such provisions as it would lawful to insert in the original articles filed at the time of the filing of the amendment).

The online records of the California Secretary of State submitted by Defendant shows Avcon's corporate entity number as C2015437 (the same number as Frontier's indicated above), with an active filing date of July 1, 1997, which corresponds to the Articles of Incorporation in

---

[3] This name change occurred after all of the complaints were filed in this case. As previously noted, the complaint in this case was filed on September 20, 2011 (Doc. 1); the First Amended Complaint was filed on October 6, 2011 (Doc. 9); and the Second Amended Complaint was filed on October 18, 2011 (Doc. 16).

conjunction with the Certificate of Amendment.   The online record also designates Arthur Vollert as the agent for the service of process for Avcon, which is consistent with a Statement of Domestic Stock Corporation dated June 27, 1998, submitted by Defendants identifying Arthur Vollert as the executive officer for the California-based Frontier.  (Doc. 99-4, pg. 6).

Conversely, the online record for the Nevada-based "Frontier Contracting Inc.," lists a different corporate number, C2832870, and identifies the agent of service as Robert Keith Sperl. (Doc. 99-4. Pg. 11).  The online record also indicates this corporation's status was surrendered on April 21, 2006.  Defendant submitted no other evidence to demonstrate that these two corporations are the same corporation thereby establishing that the California-based Frontier had its corporate status surrendered or suspended as alleged.  Here, all inferences must be drawn in light of the non-moving party. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d at 942.  The existence of two different corporate numbers, and different agents for service of process, suggests these entities are two different corporations.  Thus, Defendants' argument that Plaintiff is the Nevada-based Frontier corporation whose status was suspended is unpersuasive.[4]

Defendants' second argument that California law prohibits an out-of-state corporation from registering using the name of an existing corporation is equally as unpersuasive.  To support this position, Defendant cites Cal. Corp. § 2106(b) which provides the following :

> No foreign corporation having a name which would not be available pursuant to subdivision (b) of Section 201 to a new corporation organized under this division shall transact intrastate business in this state or qualify to do so under this chapter or file an

---

[4] Defendant has also failed to cite to any legal authority to support the contention that a corporate name change creates a suspension of a company's corporate status that would prevent the filing of an amended complaint to reflect the name change.  To the contrary, a corporation neither loses nor acquires any corporate rights, nor is its identity affected by a change of name.  *Alley v. Miramon*, 614 F.2d 1372, 1384 (5th Cir.1980). *See also*, *In re Modern Textile, Inc.*, 739 F.2d 308, 310 (8th Cir.1984) (corporate change of name did not preclude second-name corporation from establishing that it was a real party in interest possessed of right to enforce contract rights of first-name corporation); *Mutual Bld. & Loan Ass'n of Long Beach v. Corum*, 220 Cal. 282 (1934) ( "[A] change in name does not affect the identity of a corporation ....")

> amended statement and designation containing such name ….
> Cal. Corp. § 2106(b).

However, Defendants fail to acknowledge that the California Secretary of State can make an exception to this rule if the business to be conducted by the foreign corporation is not the same or as similar to the business being conducted by the existing California corporation, so as not to deceive the public. Cal. Cal. Corp. § 2106(b); *see also* Cal. Corp. Code § 201(b). Defendants have come forward with no evidence establishing that the Nevada-based Frontier corporation is engaged in a substantially similar business as the Plaintiff, nor has Defendants submitted proof that the California Secretary of State did not make an exception in this case. Here, Defendants merely speculate that at some point in time, the California-based Frontier's status must have been suspended because the Nevada corporation was able to register in California using the same name. As such, Defendants have failed to meet their burden of showing that there is no genuine dispute as to any material fact. Accordingly, Plaintiff is not required to come forward with evidence establishing a disputed fact. Because Defendants have not met their burden on the issue of whether Frontier's corporate status was suspended, the Court need not discuss whether a suspended corporation can maintain a legal action, or whether the statute of limitations would bar the filing of an amended complaint.

**VI.    Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated:    **September 25, 2014**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

8